**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| In Re: | ) |
| | )    **Waive 30 Days** |
| Laharma Merritt, *Debtor* | ) |
| | )    Case No. 15-47257-399 |
| U.S. Bank National Association, *Movant* | ) |
| | )    Chapter: 13 |
| vs. | ) |
| | )    **MOTION FOR RELIEF FROM** |
| Laharma Merritt, *Respondent* | )    **STAY** |
| | ) |
| and | )    Filed By: U.S. Bank National |
| | )    Association |
| John V. LaBarge, Jr, *Trustee* | ) |
| | )    Original Hearing Date: |
| | )    June 8, 2016 |
| |    Original Hearing Time: |
| |    10:00 AM |

Steven L. Crouch, #2903
Daniel A. West, #98415
Wendee Elliott-Clement, MBE #50311
Ashley B. Osborn MBE #59427
13160 Foster Suite 100
Overland Park, KS 66213-2660

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
**COMBINED WITH NOTICE OF HEARING**

**WARNING: ANY RESPONSE OR OBJECTION MUST BE FILED WITH THE COURT BY JUNE 1, 2016 (SEE L.B.R. 9013-1B). A COPY MUST BE PROMPTLY SERVED UPON THE UNDERSIGNED. FAILURE TO FILE A TIMELY RESPONSE MAY RESULT IN THE COURT GRANTING THE RELIEF REQUESTED PRIOR TO THE HEARING DATE. THE HEARING TO BE HELD ON THE DATE AND TIME ABOVE BEFORE THE HONORABLE Barry S. Schermer, IN THE UNITED STATES BANKRUPTCY COURT, EASTERN DISTRICT OF MISSOURI, 111 SOUTH 10TH STREET, 5 NORTH, ST. LOUIS, MO.**

U.S. Bank National Association, its successors or assigns, ("Movant"), and in support of its motion, states as follows:

1.    Movant files this motion under Rules 4001 and 9014, Rules of Bankruptcy Procedure. On September 25, 2015, the Respondent filed a Petition for Adjustment of Debts under Chapter 13 of the Bankruptcy Code wherein Movant was listed as a secured creditor as to real property of the Respondent.

2.      Jurisdiction is invoked in the District Court under 28 U.S.C. §1334(a) and 28 U.S.C. §1471(a) and jurisdiction is proper in this Court pursuant to 28 U.S.C. §1408(1) and §157(b)(2)(G).

3.      Laharma Merritt ("Respondent", whether one or more) resides at 3509 Illinois Ave, Saint Louis, MO 63118.

4.      John V. LaBarge, Jr is the Trustee duly appointed by law ("Trustee").

5.      On April 17, 2003, Laharma Merritt executed a promissory note (the "Note") in the principal sum of $97,470.00.The Note originated in the name of First Integrity Mortgage Services Inc., Missouri Corporation and was endorsed to U.S. Bank National Association. U.S. Bank National Association endorsed the Note in Blank. A copy of the Note is referenced as Exhibit "A".

6.      Contemporaneously with the execution of the Note, a Deed of Trust was executed to secure repayment of the Note. The Deed of Trust was filed for record with the Office of the Register of Deeds of City of St. Louis County, MO, on May 1, 2003, in Book No. 05012003, at Page 0413. The Deed of Trust originated in the name of Mortgage Electronic Registration Systems, Inc. as nominee for First Integrity Mortgage Services Inc., Missouri Corporation, and was assigned to U.S. Bank National Assocaition. A copy of the Deed of Trust is referenced as Exhibit "B". The Property is legally described as follows:

**Lot Thirty-two (32) of ELOISA P. KAYSER'S SUBDIVISION and in Block 1556 of the City of St. Louis State of Missouri, fronting 25 feet on the West line of Illinois Avenue by a depth Westwardly of 124 feet, more or less, to an alley**, commonly known as 3509 Illinois Avenue, Saint Louis, MO 63118 (the "Property").

7.      Movant is entitled to enforce the Note and Deed of Trust.

8.      Respondent(s) executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Movant or has been duly indorsed. Movant, directly or through an agent, has possession of the promissory note. Movant is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

9.      The Respondent has claimed the Property as exempt under 11 U.S.C. §522.

10.     The total debt due on this loan as of April 18, 2016 is $93,511.53.

11.     The Plan provides that the pre-petition arrearage due on the Note would be paid to the Trustee and Respondent would pay the post-petition payments directly to Movant.

12.     The Respondent has failed to pay the post-petition payments due on the promissory note held by the Movant. As of April 18, 2016 the following amounts are now due and owing:

| DESCRIPTION | AMOUNT |
| --- | --- |
| (5) Late Payments @ $873.13 (11/15 - 03/16) | $4,365.65 |
| (1) Late Payment @ $873.18 (04/16) | $873.18 |
| Suspense Balance | -$1.87 |
| Total | $5,236.96 |

13.     These amounts due and owing are in addition to any amounts that have come due after the filing of this Motion pursuant to the terms of the Promissory Note and Security Instrument.

14.     The Respondent has failed to cure the delinquency and the estate lacks sufficient assets from which the delinquency can be cured.   Movant's interest in the real property lacks adequate protection.

15.     The Respondent has materially defaulted with respect to payment of Movant's secured claim and has caused unreasonable delay, which is prejudicial to this movant.

16.     To remedy this prejudicial delay to movant, an Order for Relief from the Automatic Stay should be granted that is effective immediately without a stay of enforcement pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3).

17.     Movant seeks relief for the purpose of exercising its remedies available under state law, up to and including foreclosure of its mortgage against Respondent(s) interest in the Property. Movant further seeks relief in order to contact Respondent(s), at its option, by telephone or by written correspondence, to offer, provide and enter into a forbearance agreement, deed in lieu of foreclosure, loan modification, refinance agreement or other loan workout/loss mitigation agreement.

18.     Movant specifically requests permission from this Honorable Court to communicate with the Respondent(s) and Respondent(s)' counsel to the extent necessary to comply with applicable nonbankruptcy law.

19.     Movant requests that any order granting it relief from the automatic stay contain a provision that the order shall survive any conversion of this case to a Chapter 7 proceeding.

**WHEREFORE**, Movant, its successors or assigns, prays that it be granted Relief from the Automatic Stay of 11 U.S.C. §362 to enforce its lien granted in the Deed of Trust , and for such other and further relief, as the Court deems proper.

SOUTHLAW, P.C.
 /s/ Ashley B. Osborn
Steven L. Crouch, (MBE #37783; EDMO #2903; KSFd #70244)
Daniel A. West (MBE #48812; EDMO #98415; KSFd #70587)
Wendee Elliott-Clement (MBE #50311; KS #20523)
Ashley B. Osborn (MBE #59427; KS #23272)
13160 Foster Suite 100
Overland Park, KS 66213-2660
(913) 663-7600
(913) 663-7899 Fax
moedbknotices@southlaw.com
**ATTORNEYS FOR MOVANT**

## CERTIFICATE OF MAILING/SERVICE

I certify that a true copy of the Attached Pleading was served either electronically or via first class mail on May 03, 2016 upon the following parties:

Laharma Merritt
3509 Illinois Ave
Saint Louis, MO 63118
**RESPONDENT**

Sean C. Paul
The Law Offices of Sean C.
Paul, PC
8917 Gravois Rd
2nd Floor
St. Louis, MO 63123
**ATTORNEY FOR RESPONDENT**

John V. LaBarge, Jr
Chapter 13 Trustee
P.O. Box 430908
St. Louis, MO 63143
**TRUSTEE**
Office of the United States Trustee
111 S Tenth Street, Suite 6353
St. Louis, MO 63102
**U.S. TRUSTEE**


  /s/ Ashley B. Osborn_____
Steven L. Crouch
Wendee Elliott-Clement
Ashley B. Osborn
**ATTORNEYS FOR MOVANT**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

In Re:                                                      )
                                                            )
Laharma Merritt, *Debtor*                                   )
                                                            )   Case No. 15-47257-399
U.S. Bank National Association, *Movant*                    )
                                                            )   Chapter: 13
vs.                                                         )
                                                            )
Laharma Merritt, *Respondent*                               )
                                                            )
and                                                         )
                                                            )
John V. LaBarge, Jr, *Trustee*                              )
                                                            )
                                                            )
                                                            )

## SUMMARY OF EXHIBITS AND CERTIFICATE OF SERVICE

The following Exhibits referenced in the Attached Pleading filed on behalf of U.S. Bank National Association, are available on request to the undersigned.

1.  Exhibit A, the Note dated April 17, 2003, in the principal sum of $97,470.00.

2.  Exhibit B, the Deed of Trust for the Property that is the subject of the Pleading. The Deed of Trust was filed for record with the Office of the Register of Deeds of City of St. Louis County, MO, on May 1, 2003, in Book No. 05012003, at Page 0413.The property is legally described as:

    Lot Thirty-two (32) of ELOISA P. KAYSER'S SUBDIVISION and in Block 1556 of the City of St. Louis State of Missouri, fronting 25 feet on the West line of Illinois Avenue by a depth Westwardly of 124 feet, more or less, to an alley., commonly known as 3509 Illinois Avenue, Saint Louis, MO 63118.

3.  Exhibit C, the Assignment of the subject Deed of Trust.

Laharma Merritt
3509 Illinois Ave
Saint Louis, MO 63118
**RESPONDENT**

Sean C. Paul
The Law Offices of Sean C.
Paul, PC
8917 Gravois Rd
2nd Floor
St. Louis, MO 63123
**ATTORNEY FOR RESPONDENT**

John V. LaBarge, Jr
Chapter 13 Trustee
P.O. Box 430908
St. Louis, MO 63143
**TRUSTEE**

Office of the United States Trustee
111 S Tenth Street, Suite 6353
St. Louis, MO 63102
**U.S. TRUSTEE**

SOUTHLAW, P.C.
  /s/ Ashley B. Osborn
Steven L. Crouch, (MBE #37783; EDMO #2903; KSFd #70244)
Daniel A. West (MBE #48812; EDMO #98415; KSFd #70587)
Wendee Elliott-Clement (MBE #50311; KS #20523)
Ashley B. Osborn (MBE #59427; KS #23272)
13160 Foster Suite 100
Overland Park, KS 66213-2660
(913) 663-7600
(913) 663-7899 Fax
moedbknotices@southlaw.com
**ATTORNEYS FOR MOVANT**

File No. 111524
Case No: 15-47257-399

**NAME:** Laharma Merritt

**CLIENT:**

**ACCT NO:**

**CASE NO:** 15-47257-399

**DATE FILED:** 9/25/2015

**FILE NO:**

| TRANS DATE | APPLIED TO | CHECK NUMBER | DESCRIPTION | AMOUNT RECEIVED | AMOUNT DUE | AMOUNT UNAPPLIED | SUSPENSE BALANCE |
|---|---|---|---|---|---|---|---|
| 04/11/16 | 10/01/15 | | | $ 875.00 | $ 873.13 | $ 1.87 | $ 1.87 |
| | 11/01/15 | | DUE | | $ 873.13 | | 1.87 |
| | 12/01/15 | | DUE | | $ 873.13 | | 1.87 |
| | 01/01/16 | | DUE | | $ 873.13 | | 1.87 |
| | 02/01/16 | | DUE | | $ 873.13 | | 1.87 |
| | 03/01/16 | | DUE | | $ 873.13 | | 1.87 |
| | 04/01/16 | | DUE | | $ 873.18 | | 1.87 |
| | | | | | | - | 1.87 |
| | | | | | | - | 1.87 |
| | | | | | | - | 1.87 |
| | | | | | | - | 1.87 |
| | | | | | | - | 1.87 |
| | | | | | | - | 1.87 |
| | | | | | | - | 1.87 |
| | | | | | | - | 1.87 |
| | | | | | | - | 1.87 |
| | | | | | | - | 1.87 |
| | | | | | | - | 1.87 |
| | | | | | | - | 1.87 |
| | | | | | | - | 1.87 |
| | | | | | | - | 1.87 |
| | | | | | | - | 1.87 |
| | | | | | | - | 1.87 |
| | | | | | | - | 1.87 |
| | | | | | | - | 1.87 |
| | | | | | | - | 1.87 |
| | | | | | | - | 1.87 |
| | | | | | | - | 1.87 |
| | | | | | | - | 1.87 |

Multistate

# NOTE

LOAN NO █████████

FHA Case No. ███████

APRIL 17 [Date]   2003   MIN NO. ████████

3509 Illinois Avenue
Saint Louis, MO 63118
[Property Address]

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means
FIRST INTEGRITY MORTGAGE SERVICES INC.,
Missouri Corporation
and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of
NINETY-SEVEN THOUSAND FOUR HUNDRED SEVENTY AND
00/100
Dollars (U.S. $ 97,470.00          ), plus interest, to the order of Lender. Interest will be charged on unpaid principal,
from the date of disbursement of the loan proceeds by Lender, at the rate of SIX
percent ( 6.000          %) per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date
as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if
Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

(A) Time
Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on
JUNE 1        , 2003        . Any principal and interest remaining on the first day of   MAY 1
2033        , will be due on that date, which is called the "Maturity Date."

(B) Place
Payment shall be made at 77 Westport Plaza, Suite 200, St. Louis, MO 63146
                                                              or at such place as Lender may designate in writing
by notice to Borrower.

(C) Amount
Each monthly payment of principal and interest will be in the amount of U.S. $      584.38          . This amount
will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and
other items in the order described in the Security Instrument.

(D) Allonge to this Note for payment adjustments
If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of
the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of
this Note. [Check applicable box]

☐ Graduated Payment Allonge ☐ Growing Equity Allonge ☐ Other [specify]

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first
day of any month. Lender shall accept prepayment on other days provided that borrower pays interest on the amount prepaid for
the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a
partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in
writing to those changes.

FHA Multistate Fixed Rate Note - 10/95

Page 1 of 2        Initials: ___

## 6. BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of **FOUR** percent ( **4.000** %) of the overdue amount of each payment.

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (Seal)
Laharna Merritt                    -Borrower

WITHOUT RECOURSE PAY TO THE ORDER OF
U.S. BANK N.A.
FIRST INTEGRITY MORTGAGE SERVICES, INC.

By:_____
Eve Janis, Vice President

_____ (Seal)
                                   -Borrower

_____ (Seal)
                                   -Borrower

_____ (Seal)
                                   -Borrower

Page 2 of 2

Pay to the order of

Without Recourse
U.S. Bank N.A.

Teresa Bulver
Vice President

BOOK — PAGE
05012003-0413

RECORDER OF DEEDS
CITY OF ST. LOUIS
FILED OR

05/01/2003          03:20:10PM

SHARON QUIGLEY CARPENTER
RECORDER OF DEEDS

PAGES:   8
AMOUNT DUE:   $57.00
Clerk:
576328794      11457

WHEN RECORDED MAIL TO:          First Integrity Mortgage Services, Inc.
                                77 West Port Plaza, Suite 200
                                St. Louis, MO 63146
_____ (Space Above This Line For Recording Data) _____

## Deed of Trust Cover Page

**Loan No.** ▮▮▮▮▮
**MIN #:**
**Date of Document:** April 24, 2003
**Grantor:**   Laharma Merritt                    A Single Person
**Grantee:**   This Security Instrument is given to Mortgage Electronic Registration Systems, Inc.
("MERS") (solely as assignee for Lender, as hereinafter defined, and Lender's successors and assigns),
as beneficiary for FIRST INTEGRITY MORTGAGE SERVICES INC.. MERS is organized and existing
under the laws of Delaware, and has an address and telephone number of PO Box 2026, Flint, MI
48501-2026, tel. (888) 679-MERS.

**Property Address:**      3509 Illinois Avenue, Saint Louis, MO 63118
**Legal Description:**

Lot Thirty-two (32) of Eloisa P. Kayser's Subdivision and in Block 1556 of
the City of St. Louis State of Missouri, fronting 25 feet on the West line
of Illinois Avenue by a depth Westwardly of 124 feet, more or less, to an
alley.

Locator No. 1556-00-01600

This cover page to FHA Form 94126 Deed of Trust has been added to provide all documentation
required by RSMo Sect. 59.310 on the first page of the recorded document.

Exhibit B

WHEN RECORDED MAIL TO:
First Integrity Mortgage Services
77 West Port Plaza, Suite 200
St. Louis, MO 63146

[Space Above This Line For Recording Data]

LOAN NO. ▮

**# DEED OF TRUST**

MIN:

FHA Case No. ▮

**IMPORTANT NOTE: For additional information, as required by Missouri SB 515, see page two.**

THIS DEED OF TRUST ("Security Instrument") is given on **APRIL 17, 2003** . The
grantor is **Laharma Merritt, A Single Person**

whose address is **636 N 32nd Street**
**East Saint Louis, Il. 62205** ("Borrower"). The trustee is
**Mavis W. Kennedy**

("Trustee"). This Security Instrument
is given to Mortgage Electronic Registration Systems, Inc. ("MERS") (solely as nominee for Lender, as
hereinafter defined, and Lender's successors and assigns), as beneficiary. MERS is organized and existing
under the laws of Delaware, and has an address and telephone number of PO Box 2026, Flint, MI
48501-2026, tel. (888) 679-MERS. **FIRST INTEGRITY MORTGAGE SERVICES INC.**
**Missouri Corporation** ("Lender")
is organized and existing under the laws of **THE STATE OF Missouri** ,
and has an address of **77 WESTPORT PLAZA, STE. 200, SAINT LOUIS, MO 63146**
. Lender is the grantee under this Security Instrument.
Borrower owes Lender the principal sum of
**NINETY-SEVEN THOUSAND FOUR HUNDRED SEVENTY AND 00/100**
Dollars (U.S. $ 97,470.00 ). This debt is evidenced by Borrower's note dated the same date as
this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid
earlier, due and payable on **MAY 1, 2033** . This Security Instrument secures to
Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and
modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to
protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and
agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants
and conveys to Trustee, in trust, with power of sale, the following described property located in
**Saint Louis City** County, Missouri:

Lot Thirty-two (32) of Eloisa P. Kayser's Subdivision and in Block 1556 of
the City of St. Louis State of Missouri, fronting 25 feet on the West line
of Illinois Avenue by a depth Westwardly of 124 feet, more or less, to an
alley.

Locator No. 1556-00-01600

MISSOURI - Single Family - FHA Security Instrument
Form 94128 1/96
Laser Forms Inc. (800) 446-3555
LFI #FHA94128-MERS 1/02
Page 1 of 7 Initials: _L W_

which has the address of  **3509 Illinois Avenue, Saint Louis**

[Street]                                    [City]

Missouri     **63118**          ("Property Address");

[Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property".

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2. **Monthly Payment of Taxes, Insurance and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds".

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. §2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3. **Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

MISSOURI - Single Family - FHA Security Instrument
Form 94126 1/96
Lase Forms Inc. (800) 446-3555
LFI #FHA94126-MESAS 1/02

Page 2 of 7          Initials: _____

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

**4. Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

**5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines this requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

**6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

**7. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

MISSOURI - Single Family - FHA Security Instrument
Form 94126 1/96
Laser Forms Inc. (800) 446-3555
LFI #FHA94126-MERS 1/02                     Page 3 of 7          Initials: _____

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement at the Note rate, and at the option of Lender shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to the Lender subordinating the lien to this Security instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

8. Fees. Lender may collect fees and charges authorized by the Secretary.

(a) Default. Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

(b) Sale Without Credit Approval. Lender shall, if permitted by applicable law (including section 341(d) of the Garn-St Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all the sums secured by this Security Instrument if:

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property, but his or her credit has not been approved in accordance with the requirements of the Secretary.

(c) No Waiver. If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

(d) Regulations of HUD Secretary. In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e) Mortgage Not Insured. Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 DAYS from the date hereof, Lender may, at its option require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to     60 days          from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

10. Reinstatement. Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right

MISSOURI – Single Family – FHA Security Instrument
Form 94126 1/96
Laser Forms Inc. (800) 446-3555
LFI #FHA94126-MERS 1/02

Page 4 of 7          Initials: _____

applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

11. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12. Successors and Assigns Bound; Joint and Several Liability; Co-signers. The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

13. Notices. Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

14. Governing Law; Severability. This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

15. Borrower's Copy. Borrower shall be given one conformed copy of the Note and of this Security Instrument.

16. Hazardous Substances. Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

MISSOURI - Single Family - FHA Security Instrument
Form 94120 1/96
Laser Forms Inc. (800) 446-3656
LFI #FHA94126-MEKRS 1/02

Page 5 of 7

Initials: $\mathcal{L}\,\mathcal{M}$

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

18. **Foreclosure Procedure.** If Lender requires immediate payment in full under paragraph 9, Lender may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender or Trustee shall mail copies of a notice of sale in the manner prescribed by applicable law to Borrower and to the other persons prescribed by applicable law. Trustee shall give notice of sale by public advertisement for the time and in the manner prescribed by applicable law. Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder for cash at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property to any later time on the same date by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph 18 or applicable law.

19. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

20. **Substitute Trustee.** Lender, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder by an instrument recorded in the county in which this Security Instrument is recorded. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

MISSOURI - Single Family - FHA Security Instrument
Form 94126 1/96
Laser Forms Inc. (800) 446-3555
LFI #FHA94126-MERS 1/02

Page 6 of 7      Initials: _____

**21. Lease of the Property.** Trustee hereby leases the Property to Borrower until this Security Instrument is either satisfied and released or until there is a default under the provisions of this Security Instrument. The Property is leased upon the following terms and conditions: Borrower, and every person claiming an interest in or possessing the Property or any part thereof, shall pay rent during the term of the lease in the amount of one cent per month, payable on demand, and without notice or demand shall and will surrender peaceable possession of the Property to Trustee upon default or to the purchaser of the Property at the foreclosure sale.

**Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

| | | |
|---|---|---|
| ☐ Condominium Rider | ☐ Growing Equity Rider | |
| ☐ Graduated Payment Rider | ☐ Planned Unit Development Rider | |
| ☐ Other [specify] | | |

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____    _____ (Seal)
                                    **Laharma Merritt**        -Borrower

_____    _____ (Seal)
                                                               -Borrower

_____    _____ (Seal)
                                                               -Borrower

_____    _____ (Seal)
                                                               -Borrower

———————————— [Space Below This Line For Acknowledgment] ————————————

**STATE OF MISSOURI,  COUNTY OF  ST. LOUIS**

On this ~~17th~~ 24th day of     **April, 2003**     , before me personally appeared
**Laharma Merritt, A Single Person**

to me known to be the person(s) described in and who executed the foregoing instrument, and acknowledged that he/she/they executed the same as his/her/their free act and deed.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in the and State aforesaid, the day and year first above written.

My term expires: 2-23-06

_____ Notary Public
Patricia A. Christeson

PATRICIA A. CHRISTESON
St. Louis City
My Commission Expires
February 23, 2006

MISSOURI - Single Family - FHA Security Instrument
Form 94128 1/96
Laser Forms Inc. (800) 446-5888
LFI #FHA94128-MORS 1/02                              Page 7 of 7

**END OF DOCUMENT**
**PAGES 1 THROUGH 8**

BOOK PAGE
**01192012-0013**

RECORDER OF DEEDS
CITY OF ST. LOUIS
RECORDED-CERTIFIED ON
01/19/2012 08:23

SHARON QUIGLEY CARPENTER
RECORDER OF DEEDS

PAGES - 3
AMOUNT DUE: $33.00
Check:
** This document has been eRecorded **

---

**MARGIN ABOVE RESERVED FOR RECORDING INFORMATION**

PLEASE RETURN VIA EMAIL TO:
RECORDINGS@SOUTHLAW.COM
AND MAIL ORIGINAL TO:
SOUTH & ASSOCIATES, P.C.
6363 COLLEGE BLVD, SUITE 100
OVERLAND PARK, KS 66211
(913) 661-7600

---

**ASSIGNMENT OF DEED OF TRUST**

DATE OF INSTRUMENT:   01/12/2012

GRANTOR:   Mortgage Electronic Registration Systems, Inc., as nominee for First Integrity
Mortgage Services Inc. its successors and assigns
1901 E. Voorhees St. Suite C
Danville, IL 61834

GRANTEE:   U.S. Bank National Association
4801 Frederica Street
Owensboro, KY 42301

AFFECTED INSTRUMENT IF APPLICABLE:   May 1, 2003, in Book No. 05012003, at Page 0413

LEGAL DESCRIPTION (CONTINUED ON NEXT PAGE IF APPLICABLE): Lot Thirty-two (32) of ELOISA P.
KAYSER'S SUBDIVISION and in Block 1556 of the City of St. Louis State of Missouri, fronting 25
feet on the West line of Illinois Avenue by a depth Westwardly of 124 feet, more or less, to an alley

Exhibit C

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, Mortgage Electronic Registration Systems, Inc., as nominee for First Integrity Mortgage Services Inc. its successors and assigns, 1901 E. Voorhees St. Ste. C, Danville, IL 61834, hereby assigns that certain Deed of Trust recorded in the office of the Recorder of Deeds of City of St. Louis, Missouri, on May 1, 2003, in Book No. 05012003, at Page 9413, originally executed by Laharma Merritt in favor of Mortgage Electronic Registration Systems, Inc., as nominee for First Integrity Mortgage Services Inc. its successors and assigns with respect to the following described property,

Lot Thirty-two (32) of ELOISA P. KAYSER'S SUBDIVISION and in Block 1556 of the City of St. Louis State of Missouri, fronting 25 feet on the West line of Illinois Avenue by a depth Westwardly of 124 feet, more or less, to an alley, commonly known as 3509 Illinois Avenue, St. Louis, MO 63118 (the "Property").

has sold, assigned, transferred, conveyed, and set over the Deed of Trust to U.S. Bank National Association, 4801 Frederica Street, Owensboro, KY, 42301.

WITNESS my hand and seal of the corporation this 12 day of Jan 2012

Mortgage Electronic Registration Systems, Inc., as nominee for First Integrity Mortgage Services Inc. its successors and assigns

BY: _Heather Patton_

Heather Patton
Printed Name

Assistant Secretary
(Title)

## ACKNOWLEDGMENT

STATE OF    Kentucky        )
                           ) ss.
COUNTY OF  Daviess          )

BE IT REMEMBERED, that on this 12 day of Jan., 20 12, before me the undersigned, a notary public in and for said county and state, came Heather Patton, Assistant Secretary (title) who is personally known to me to be the same person who executed, as such officer, the within instrument of writing on behalf of said Mortgage Electronic Registration Systems, Inc., as nominee for First Integrity Mortgage Services Inc. its successors and assigns, and such person duly acknowledged the execution of the same to be the act and deed of the corporation.

IN WITNESS, I have set my hand and affixed by official seal the day and year last above written.

Jessica R. Roberts
Notary Public,

My Commission Expires:

9-11-13

OFFICIAL SEAL
JESSICA L. ROBERTS
NOTARY PUBLIC - KENTUCKY
STATE-AT-LARGE
My Comm. Expires Sept. 11, 2013

B6A (Official Form 6A) (12/07)

In re  **Laharma Merritt**                                          Case No. _____

                                                                                (if known)

## SCHEDULE A - REAL PROPERTY

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption | Amount Of Secured Claim |
|---|---|---|---|---|
| Real Estate: 3509 Illinois Ave, St. Louis MO 63118 | Fee Simple | - | $112,000.00 | $86,575.00 |
| Real Estate:  636 N 32nd St, East St. Louis, IL 62205<br>joint with 3 siblings | Fee Simple | - | $1,000.00 | $0.00 |
| | | Total: | $113,000.00 | |

(Report also on Summary of Schedules)

B6C (Official Form 6C) (4/13)

In re  **Laharma Merritt**                                    Case No.  _____
                                                                          (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:        ☐  Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                            $155,675.*

☐   11 U.S.C. § 522(b)(2)
☑   11 U.S.C. § 522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| Real Estate: 3509 Illinois Ave, St. Louis MO 63118 | Mo. Rev. Stat. § 513.475 | $15,000.00 | $112,000.00 |
| Checking account with Neighbor's Credit Union | Mo. Rev. Stat. § 513.430.1(3) | $140.00 | $140.00 |
| Savings account with Neighbor's Credit Union | Mo. Rev. Stat. § 513.430.1(3) | $50.00 | $50.00 |
| Used household goods and furnishings | Mo. Rev. Stat. § 513.430.1(1) | $1,200.00 | $1,200.00 |
| Books, pictures, cds/dvds | Mo. Rev. Stat. § 513.430.1(1) | $200.00 | $200.00 |
| Personal used clothing | Mo. Rev. Stat. § 513.430.1(1) | $250.00 | $250.00 |
| Costume jewelry, wedding band(s) | Mo. Rev. Stat. § 513.430.1(2) | $50.00 | $50.00 |
| Pension | Mo. Rev. Stat. § 513.430.1(10)(f) | $9,000.00 | $9,000.00 |
| 2002 Ford Explorer | Mo. Rev. Stat. § 513.430.1(5) | $2,500.00 | $2,500.00 |
| 2007 Nissan Altima | Mo. Rev. Stat. § 513.430.1(5) | $0.00 | $500.00 |
| *Amount subject to adjustment on 4/01/16 and every three years thereafter with respect to cases commenced on or after the date of adjustment. | | **$28,390.00** | **$125,890.00** |

B6D (Official Form 6D) (12/07)

In re **Laharma Merritt**                                     Case No. _____

                                                                        (if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCT #: **xxx-xx-1165**<br><br>**Brotherhood Motors**<br>**6900 Manchester Ave**<br>**Saint Louis, MO 63143** | | - | DATE INCURRED: **4/15/2013**<br>NATURE OF LIEN:<br>**Automobile**<br>COLLATERAL:<br>**2007 Nissan Altima**<br>REMARKS:<br><br><br>VALUE: **$500.00** | | | | **$1,259.00** | **$759.00** |
| ACCT #: **xxx-xx-1165**<br><br>**MSD**<br>**2350 Market Street**<br>**St. Louis MO  63103** | | - | DATE INCURRED: **2015**<br>NATURE OF LIEN:<br>**Sewer Lien**<br>COLLATERAL:<br>**Real Estate: 3509 Illinois Ave, St. Louis MO 63118**<br>REMARKS:<br><br><br>VALUE: **$1,000.00** | | | | **$1,000.00** | |
| ACCT #: **xxxxxxxx7726**<br><br>**US BANK HOME MORTGAGE**<br>**4801 FREDERICA ST**<br>**OWENSBORO, KY 42301** | | - | DATE INCURRED: **04/24/2003**<br>NATURE OF LIEN:<br>**FHA Real Estate Mortgage**<br>COLLATERAL:<br>**Real Estate: 3509 Illinois Ave, St. Louis MO**<br>REMARKS:<br><br><br>VALUE: **$112,000.00** | | | | **$85,575.00** | |
| **Representing:**<br>**US BANK HOME MORTGAGE** | | | **South and Associates**<br>**6363 College Blvd Suite 100**<br>**Leawood, KS 66211** | | | | **Notice Only** | **Notice Only** |

|  | Subtotal (Total of this Page) > | **$87,834.00** | **$759.00** |
|---|---|---|---|
|  | Total (Use only on last page) > | **$87,834.00** | **$759.00** |

___**No**___ continuation sheets attached

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)